IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

COURT FILE NO.: _____

Shannon Bell,
    Plaintiff

v.

Procollect, Inc.,
    Defendant

_____

**COMPLAINT AND JURY DEMAND**
_____

## JURISDICTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

## VENUE

2. Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State, because Plaintiff resides in this State, and because Defendant transacts business in this State.

## PARTIES

3. Plaintiff, Shannon Bell, is a natural person residing in Colorado.

4. Defendant, Procollect, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another in the State of Colorado.

## FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one hundred twenty days preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Making threats within the 30 day notice period as prescribed by 15 USC 1692g which overshadow and contradict the disclosures required by that section.

   b) Communicating with persons other than Plaintiff for purposes other than to locate Plaintiff and communicating specific information about the debt owed, including calling Plaintiff's mother to discuss the debt in violation of 15 USC§1692b(1) and (3).

   c) Threatening to take legal action that cannot be taken, including threatening to report the debt to Plaintiff's credit report within the initial 30 day notice period in violation of 15 USC §1692(e)(5).

6. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

## TRIAL BY JURY

7. Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

8. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

9. The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

10. Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## COUNT 2, INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY UNREASONABLE PUBLICATION OF PRIVATE FACTS

11. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

12. Defendant and/or its agents invaded Plaintiff's privacy as described above, and intentionally caused harm to Plaintiff's emotional well-being by engaging in conduct that would be very offensive to a reasonable person.

13. Plaintiff had a reasonable expectation in Plaintiff's solitude, seclusion, and/or private affairs and concerns, and a reasonable person would find Defendant's actions as described above highly offensive and an invasion of privacy.

14. Plaintiff has been harmed by Defendant's invasion of privacy and has suffered damages as a result of the same, including but not limited to emotional distress, loss of sleep, and loss of enjoyment of life.

15. Defendant's invasion of privacy entitles Plaintiff to actual damages as determined by the trier of fact.

14. Defendant's disclosure of facts regarding Plaintiff's debt to a third party constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

## **PRAYER**

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

A.  a declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Punitive Damages

D.  Statutory damages pursuant to 15 U.S.C. § 1692k;

E.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

F.  Such other and further relief as may be just and proper.

Respectfully submitted,


 /s/ Tammy Hussin
Tammy Hussin
Weisberg & Meyers LLC
6455 Pyrus Place
Carlsbad CA 92011
866 775 3666 ext. 215 phone
866 565 1327 facsimile
thussin@AttorneysForConsumers.com